UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEPHEN B. TURNER,

    Plaintiff,

    v.

CITY OF FREMONT,

    Defendant.

Case No. 15-cv-03099-HSG

**ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS, DENYING MOTION FO RECUSAL, AND DISMISSING THE COMPLAINT WITH PREJUDICE**

Re: Dkt. Nos. 2, 5

    Plaintiff Stephen B. Turner, proceeding pro se, has filed an application to proceed in forma pauperis ("IFP") in this proposed civil rights lawsuit. Dkt. 1. After careful consideration of IFP application, proposed complaint, the governing law, and the balance of the record, the Court **DISMISSES** the complaint with prejudice and **DENIES** the IFP application as moot.[1]

    Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court may deny an application to proceed IFP and should dismiss a complaint if it is frivolous or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The fact that the plaintiff is not a prisoner does not affect the Court's analysis. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners.").

    In this case, Turner asserts a 42 U.S.C. § 1983 claim arising out of a red-light citation issued by the Defendant City of Fremont. Turner alleges that a camera operated by Redflex Traffic Systems, Inc. (a third-party contractor for Fremont) allegedly captured "photographic and

---

[1] Plaintiff's motion seeking the recusal of the undersigned, Dkt. No. 5, is **DENIED**. The Court finds that no "reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993).

videographic evidence" of his car running a red light at an intersection. Compl. ¶ 5. Shortly after receiving the citation, Turner discovered that Redflex "admitted to the felonious crime of bribery" in a federal district court in Illinois, *id.* ¶ 12, had either been investigated or terminated for other acts of bribery performed to secure municipal red-light camera contracts across the United States, *id.* ¶ 18, and was operating in California without a contractor's license, *id.* ¶ 19. Turner provided notice of Redflex's admission of bribery to Fremont and demanded that (1) Fremont void its contract with Redflex under the provision that requires Redflex to "obey all laws;" and (2) dismiss his traffic violation charge. *Id.* ¶¶ 13-15. Turner alleges that Fremont's failure to comply with these demands constitutes a violation of his substantive due process rights under the Fourteenth Amendment. *Id*. ¶¶ 24-33. In short, Turner seeks relief on the ground that Fremont has failed to exercise a provision of a contract to which he is not a party, or to rescind a traffic citation because it is based solely on evidence provided by a contractor who has admitted to (or is alleged to have) secured its contracts with other municipalities in an illegal manner. Neither assertion provides the basis for a non-frivolous claim for relief.

First, "[s]omeone who is not a party to [a] contract has no standing to enforce the contract or to recover extra-contract damages for wrongful withholding of benefits to the contracting party." *Hatchwell v. Blue Shield of California*, 198 Cal. App. 3d 1027, 1034 (1988); *see also* Cal. Jur.3d Contracts § 381 (2014) ("A party who is not a party or privy to a contract cannot show a wrong done to him or her for breach of any duty arising out of the contractual relation."). Even assuming that Fremont could terminate its contract with Redflex based on the bribery schemes alleged in the complaint, Turner has no standing to seek relief for Fremont's failure to do so. Whether Fremont could or should have terminated its contract with Redflex in light of the misconduct alleged is irrelevant to whether Turner suffered a legally cognizable violation of his constitutional rights.

Second, and more fundamentally, Turner has failed to allege how a violation of his constitutional rights (assuming, for the moment, that there was such a violation) was "proximately caused" by Fremont's continued use of the "photographic and videographic evidence" provided by Redflex. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Whether Redflex is guilty

of securing municipal red-light contracts through bribery (or whether it is operating without a contractor's license) has no connection to the reliability of the evidence upon which his traffic citation was allegedly based. Allegations that the government or government employees may have acted improperly does not form a basis for a private cause of action under 42 U.S.C. § 1983 absent the allegation of a constitutional violation proximately caused by that misconduct. *See, e.g., Bronner v. San Francisco Superior Court*, No. 09-cv-5001-SI, 2010 WL 2650500, at *7 (N.D. Cal. July 1, 2010) (dismissing complaint because "plaintiff has failed to allege how CCSF's unspecified inaccurate or incomplete reports *proximately caused* plaintiff any constitutional deprivations") (citation omitted) (emphasis in original). Turner has pled no plausible connection. If Turner believes the evidence provided by Redflex is unreliable, his appropriate course of action is to challenge the use of that evidence in the state court traffic proceeding. *Cf. Marshall v. Lonberger*, 459 U.S. 422, 438 n. 6 (1983) ("[T]he Due Process Clause does not permit the federal courts to engage in a finely tuned review of the wisdom of state evidentiary rules.").

At base, Turner seeks to use his traffic citation as an opportunity to police the propriety of Fremont's relationship with a third-party contractor. This the law does not allow. Accordingly, the Court finds that the complaint is frivolous, as none of the allegations provide an arguable basis for Turner's requested relief. Nor could amendment possibly cure the complaint's fundamental defects. Accordingly, Turner's complaint is **DISMISSED** with prejudice and his request to proceed IFP is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated: September 10, 2015

HAYWOOD S. GILLIAM, JR.
United States District Judge